UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SUBRANNI ZAUBER LLC
Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(609) 347-7000; Fax: (609) 345-4545
Attorneys for Plaintiff
By:     William P. Rubley, Esq.  019192002
        Christina M. Dewland, Esq.  239022017
        wrubley@subranni.com
        cdewland@subranni.com

| | | |
|---|---|---|
| POWERHOUSE EQUIPMENT & ENGINEERING CO., INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | CASE NO. _____ |
| v. | : | |
| | : | |
| POWER MECHANICAL, INC. | : | **COMPLAINT** |
| POWERHOUSE VALVE SERVICES, LLC | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Powerhouse Equipment & Engineering Co., Inc., by and through its attorneys, Subranni Zauber LLC, hereby complains of Defendants Powerhouse Valve Services, LLC ("Power Valve") and Power Mechanical, Inc. ("Power Mechanical") as follows:

**PARTIES**

1.   Plaintiff, Powerhouse Equipment & Engineering Co., Inc., is a New Jersey corporation that maintains its principal place of business at 240 Creek Road, Delanco, New Jersey 08075.

2. Defendant Power Mechanical, Inc. is a Virginia corporation that maintains its principal place of business at 4811 Commerce Drive, Newport News, Virginia 23607, and whose registered agent is Harry W. Jernigan, III, located at 5101 Cleveland Street, Suite 200, Virginia Beach, Virginia 23462.

3. Defendant Powerhouse Valve Services, LLC is a Virginia limited liability company that maintains its principal place of business at 4811 Commerce Drive, Newport News, Virginia 23607, and whose registered agent is Harry W. Jernigan, III, located at 5101 Cleveland Street, Suite 200, Virginia Beach, Virginia 23462.

4. Defendant Powerhouse Valve Services, LLC is a subsidiary of Defendant Power Mechanical, Inc.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement, unfair competition, and dilution of trademark arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq. Subject matter jurisdiction is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), because a substantial part of the events described and harm to Plaintiff occurred in this district.

## FACTS

7. Plaintiff provides industrial boiler sales, rentals, and services, including but not limited to engineering, design, installation, repair, tune-up, and emissions testing, in connection with the trademark "Powerhouse," throughout the United States, including in Virginia.

8. Since at least 1982, Plaintiff has continuously and exclusively used the trademark "Powerhouse" in interstate commerce in connection with the above-referenced activities.

9. As a result of Plaintiff's many years of continuous and exclusive use of the trademark "Powerhouse," Plaintiff has established a strong reputation under the mark in Virginia and elsewhere, and Plaintiff has generated strong trademark rights in the above-referenced activities.

10. The trademark "Powerhouse" represents a substantial investment of time, money, and goodwill by Plaintiff.

11. Plaintiff owns a protectable proprietary interest in the trademark "Powerhouse."

12. Plaintiff owns the exclusive right to use the trademark "Powerhouse" in interstate commerce.

13. On information and belief, Defendants were aware of Plaintiff's prior use and ownership of the trademark "Powerhouse" at all pertinent times.

14. On or about October 17, 2016, Defendant Powerhouse Valve Services, LLC was formed and registered with the Virginia State Corporation Commission.

15. On information and belief, some time thereafter, Defendants began selling and distributing products and services using the trademark "Powerhouse Valve."

16. On information and belief, Defendants distributed advertising materials for Powerhouse Valve Services, LLC using a similar design and color scheme to that used by Plaintiff. A copy of one of Defendants' advertising materials is attached hereto as **Exhibit A**.

17. The website for Defendant Powerhouse Valve Services, LLC directs users to its parent company, Defendant Power Mechanical, Inc., for products and services including boiler rentals, sales, and service. A copy of the webpage is attached hereto as **Exhibit B**.

18. Defendants' use of the trademark "Powerhouse Valve" in connection with the sale and distribution of these products and services: (a) began after Plaintiff's trademark "Powerhouse" became famous; (b) is intended to trade on Plaintiff's reputation; (c) is intended to and is likely to injure Plaintiff's business reputation and dilute the distinctive quality of Plaintiff's trademark; (d) is intended to and is likely to cause confusion and mistake among consumers; (e) is intended to and is likely to deceive consumers as to the affiliation, connection, and association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' commercial activities by Plaintiff; and (f) misrepresents the nature, characteristics, and qualities of Defendants' commercial activities.

19. Notwithstanding Defendants' knowledge of Plaintiff's prior use and ownership of the trademark "Powerhouse," Defendants have continued to use and threaten to continue to use the trademark "Powerhouse Valve" in violation of Plaintiff's exclusive rights, with intent to trade on Plaintiff's reputation, and with knowledge that such use is intended to and is likely to cause confusion, mistake, injury, and dilution, and to deceive and misrepresent, and Defendants have made and are threatening to make profits from such use, which profits rightfully belong to Plaintiff.

20. Defendants' knowing, willful, and wanton use of the trademark "Powerhouse Valve" has caused and threatens to cause Plaintiff to suffer substantial damages and has deprived and threatens to deprive Plaintiff of substantial gains and profits.

21. Unless this Court enjoins Defendants from continuing to use the trademark "Powerhouse Valve," Plaintiff will be irreparably harmed and will suffer substantial damages.

22. Furthermore, preliminarily enjoining Defendants from continuing to use the trademark "Powerhouse Valve" will benefit Defendants by preventing Defendants from investing in marks Defendants have no right to use.

23. Plaintiff presently has no means of ascertaining the full extent of Defendants' use of the trademark "Powerhouse Valve" or of the amount of its damages or Defendants' profits resulting from such use except through the production of evidence of same now in Defendants' possession and control.

24. This is an exceptional case allowing for the award of reasonable attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117(a).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

25. Plaintiff incorporates paragraphs one (1) through twenty-four (24) as if set forth at length herein.

26. By using the trademark "Powerhouse Valve" in commerce in connection with the sale and distribution of products and services without Plaintiff's consent and in violation of Plaintiff's exclusive right to use the trademark "Powerhouse" in interstate commerce, Defendants have knowingly, willfully, and wantonly infringed such trademark, and Defendants are continuing to do so.

27. Defendants have knowingly, willfully, and wantonly directly infringed, contributorily infringed, and actively induced others to infringe the trademark "Powerhouse," and Defendants are continuing to do so.

28. Defendants' knowing, willful, and wanton use of the trademark "Powerhouse Valve" is likely to cause confusion, to cause mistake, and to deceive as to the affiliation,

connection, and association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' services and commercial activities by Plaintiff, and misrepresents the nature, characteristics, qualities, and geographic origin of Defendants' services and commercial activities, all in violation of the Lanham Act, 15 U.S.C. § 1125(a).

29. By reason of the above, Plaintiff has been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling Plaintiff to the remedies provided for in 15 U.S.C. §§ 1116–1118 of the Lanham Act.

## COUNT II
## FEDERAL DILUTION OF TRADEMARK

30. Plaintiff incorporates paragraphs one (1) through twenty-nine (29) as if set forth at length herein.

31. Defendants' knowing, willful, and wanton use of the trademark "Powerhouse Valve" in commerce, which use began after Plaintiff's trademark "Powerhouse" became famous and with the knowing, willful, and wanton intent to trade on Plaintiff's reputation, has substantially injured Plaintiff's business reputation and has diluted the distinctive quality of the described trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

32. By reason of the above, Plaintiff has been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling Plaintiff to the remedies provided for in 15 U.S.C. §§ 1117–1118 and 1125(c).

WHEREFORE, Plaintiff demand judgment against Defendants as follows:

1. Pursuant to 15 U.S.C. §§ 1116(a) and 1125(c), Defendants, their officers, agents, and employees, and all persons in concert or participation with them, be preliminarily and permanently enjoined from continuing to use the trademark "Powerhouse Valve" in commerce in

connection with the distribution and sale of products and services including, but not limited to, industrial boiler sales, rentals, and services, and from otherwise infringing and counterfeiting Plaintiff's trademark "Powerhouse," and from otherwise competing unfairly with Plaintiff;

2. Pursuant to 15 U.S.C. § 1116(a), Defendants be ordered to file with the Court and serve on Plaintiff, within thirty (30) days after service of the preliminary and permanent injunctions, reports in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunctions;

3. Pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), Defendants be ordered to account for and pay over to Plaintiff all gains, profits, and advantages realized by Defendants as a result of Defendants' use of the trademark "Powerhouse Valve" with the knowing, willful, and wanton intent to trade on Plaintiff's reputation, as a result of Defendants' infringement and counterfeiting of the trademark "Powerhouse," and as a result of Defendants' unfair competition with Plaintiff;

4. Pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), Defendants be ordered to pay to Plaintiff all damages Plaintiff has sustained as a consequence of Defendants' use of the mark "Powerhouse Valve" with the knowing, willful, and wanton intent to trade on Plaintiff's reputation, as a consequence of Defendants' infringement and counterfeiting of the trademark "Powerhouse," and as a consequence of Defendants' unfair competition with Plaintiff, including increased damages in the amount of three times the damages sustained by Plaintiff, together with pre- and post-judgment interest, costs, and expenses;

5. Pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), Defendants be ordered to pay to Plaintiff reasonable attorneys' fees in connection with this matter; and

      6.      Plaintiff be awarded such other and further relief as the Court deems just and equitable.

Dated:  June 19, 2018           By:    <u>s/ William P. Rubley</u>
                                                                 William P. Rubley, Esq.
                                                                  SUBRANNI ZAUBER LLC
                                                                  Willow Ridge Executive Office Park
                                                                  750 Route 73 South, Suite 307B
                                                                  Marlton, NJ 08053
                                                                  (609) 347-7000; Fax: (609) 345-4545
                                                                  wrubley@subranni.com
                                                                  *Attorneys for Plaintiff, Powerhouse Equipment & Engineering Co., Inc.*

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I, William P. Rubley, Esquire, hereby certify that the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                                 SUBRANNI ZAUBER LLC
                                                                 Attorneys for Plaintiff

Dated:  June 19, 2018           By:    <u>s/ William P. Rubley</u>
                                                                  William P. Rubley, Esq.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, Powerhouse Equipment & Engineering Co., Inc., hereby demands a trial by jury for all issues so triable.

                                                                  SUBRANNI ZAUBER LLC
                                                                 Attorneys for Plaintiff

Dated:  June 19, 2018           By:    <u>s/ William P. Rubley</u>
                                                                  William P. Rubley, Esq.